IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

KEVIN DALE BOWMAN,

    Plaintiff,

v.                                                Case No. 2:23-cv-00099

SHERIFF GARY LINVILLE, *et al.*,

    Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the Court is Sheriff Gary Linville and Deputy Nathan Dailey's[1] "Motion to Set Aside Default Judgment" [ECF No. 22]. This matter is assigned to the undersigned United States District Judge, and it is referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons appearing to the Court, the referral of this motion to Magistrate Judge Tinsley is **WITHDRAWN** and the undersigned will proceed to rule on the pending motion. However, this civil action will otherwise remain referred to Magistrate Judge Tinsley for further proceedings.

I.    **Relevant Procedural History**

This matter is proceeding against Sheriff Gary Linville ("Linville") and Deputy Nathan Dailey ("Dailey") (collectively "Defendants") on Plaintiff's Amended

---

[1] According to Defendants' motion to set aside default, this is the correct spelling of this defendant's name and will be used going forward herein.

Complaint [ECF No. 6] alleging that Plaintiff was denied necessary medical treatment following his arrest by Defendants on August 5, 2023. Summonses for both Defendants were issued and served on Cpl. Nathan R. Dailey on December 26, 2023. Thus, Defendants' responsive pleadings were due by January 15, 2024, but none were filed by that date. Thus, as directed by Magistrate Judge Tinsley, default was entered against Linville and Dailey, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, on January 17, 2024. [ECF Nos. 18 and 19]. Judge Tinsley's Order and Notice specifically noted that the entry of default was not a default judgment under Rule 55(b)(2). [ECF No 18 at 2].

On January 30, 2023, Linville and Dailey, by counsel, moved to set aside the entry of default under Rule 55(c) of the Federal Rules of Civil Procedure. [ECF No. 22].[2] Plaintiff has not opposed the motion to set aside entry of default but was not ordered to do so.

II. Discussion

At the discretion of the Court, Rule 55(c) of the Federal Rules of Civil Procedure permits the setting aside of an entry of default for "good cause." Fed. R. Civ. P. 55(c). Pursuant to *Rasmussen v. American Nat'l Red Cross*, 155 F.R.D. 549 (S.D. W. Va. 1994), where default has been entered, but judgment has not, a motion to set aside default is governed by a liberal good cause standard, rather than by the more restrictive standard for relief from judgment. The United States Court of Appeals for the Fourth Circuit has established that district courts should consider the following

---

[2] Although Defendants titled their motion as a "Motion to Set Aside Default Judgment," the court treats it as a motion to set aside the entry of default under Fed. R. Civ. P. 55(a) and (c)(1).

factors in considering motions to set aside default pursuant to Rule 55(c): "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006).

The Fourth Circuit has further emphasized that default judgments are disfavored and that claims should generally be resolved on their merits. *See, e.g., Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.,* 616 F.3d 413 (4th Cir. 2010) ("We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."); *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993) (cautioning that "dismissal without deciding the merits is the most extreme sanction, [and] a court must ... exercise its inherent power to dismiss with restraint . . . ."). Consequently, "'an extensive line of decisions' has held that Federal Rule of Civil Procedure 55(c) must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)). As noted by Defendants' motion, "[g]enerally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Id.* (citing *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383

F.2d 249, 251 (4th Cir. 1967)); *see also United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). [ECF No. 22 at 2].

Upon being served with the notice of entry of default herein, Linville and Dailey took steps to employ counsel to represent their interests and filed the instant motion to set aside entry of default within two weeks, thus acting with reasonable promptness. *See, e.g., United States v. 10,290.00 More or Less, in United States Currency*, No. 2:12-cv-04862, 2014 WL 1017200, *5 (S.D. W. Va. March 14, 2014) (Johnston, J.) (finding reasonable promptness where a party moved to set aside the entry of default just over two weeks after it was entered); *see also Pearson v. Giles Indus.*, No. 3:13–cv-19629, 2013 WL 6048714, at *2 (S.D. W. Va. Nov. 13, 2013) (Chambers, C.J.) (finding reasonable promptness in moving to set aside an entry for default that was entered two weeks prior). [ECF No. 22 at 3]. Defendants contend that they are not personally responsible for the default, as they "acted in accord with standard practice in order to have counsel retained and respond to the suit, and the failure to file responsive pleadings within the prescribed time period was no fault of their own." [*Id.* at 5]. As addressed in their accompanying affidavits, Linville instructed Dailey to provide the process to the Lincoln County Commission and the Prosecuting Attorney's Office for it to be turned over to their insurance provider to assign counsel to respond to the complaint. Both Linville and Dailey contend that they were unaware of what happened after that, until they were served with the notice of default. [ECF No. 22 at 5-6; ECF No. 22-1 at 3; ECF No. 22-2 at 3]. Defendants also assert that Linville was not properly served with his summons under

4

Rule 4(e) of the Federal Rules of Civil Procedure and, thus, his default should be set aside on that basis alone. [*Id.* at 5-6].

Moreover, Defendants' motion emphasizes that they have a potentially meritorious defense to this action, including a right to qualified immunity, and there is no history of dilatory action by these defendants. [*Id.* at 4, 8]. Defendants state that, "if the entry of default is reversed, [they] stand ready to immediately file the Answers and Affirmative Defenses attached as Exhibits 3 and 4" to their motion. [*Id.* at 5]. At this stage of the proceedings, "the moving party does not have to prove conclusively that he would prevail, only that there is sufficient evidence to permit a court to find in his favor." *Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001). Thus, even the proffer of a tenuous proposed defense weighs in favor of granting a motion to set aside the default. *See Miller v. Cobra Enterprises of Utah, Inc.*, No. 2:18-CV-00269, 2018 WL 2392540, at *2 (S.D.W. Va. May 25, 2018) (citing *Rasmussen v. Am. Nat. Red Cross*, 155 F.R.D. 549, 552 (S.D. W. Va. 1994). Additionally, Plaintiff has not opposed Defendants' motion to set aside default and Defendants aptly assert that there is no evidence in the record establishing that Plaintiff, or any other party, will be unduly prejudiced if the default is set aside. [ECF No. 22 at 7].

For the reasons set forth in their unopposed motion, the Court **FINDS** that Defendants can satisfy the good cause standard and Plaintiff will not be prejudiced by setting aside the default entered against Defendants herein. Accordingly, for good cause shown, it is hereby **ORDERED** that Defendants' unopposed Motion to Set Aside

Default [ECF No. 22] is **GRANTED**, and the entry of default against Defendants Linville and Dailey is hereby set aside. The Clerk is directed to docket Linville and Dailey's responsive pleadings attached as Exhibits 3 and 4 to Defendants' motion as new docket entries.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: April 10, 2024

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

6