# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

KEVIN DALE BOWMAN,

      Plaintiff,

v.                                                            Case No. 2:23-cv-00099

SHERIFF GARY LINVILLE and
DEPUTY NATHAN DAILEY,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).   Pending before the court is Defendants' Motion to Dismiss Under Rule 37 of the Federal Rules of Civil Procedure (ECF No. 41).

### I.    RELEVANT PROCEDURAL HISTORY

On June 20, 2023, Plaintiff filed the operative Amended Complaint alleging a denial of medical treatment during his arrest following a rollover vehicle accident.   (ECF No. 6).   As relevant here, Defendants Linville and Dailey answered the Amended Complaint (ECF Nos. 26, 27) and the undersigned entered a scheduling order for discovery and dispositive motions (ECF No. 33).   At some point during the discovery period, Plaintiff was released from custody and provided a mailing address in Branchland, West Virginia.

According to the docket sheet, on April 19, 2024, Defendant Linville served Plaintiff with his First Set of Omnibus Discovery Requests, which included interrogatories, requests for production of documents, and requests for admissions. (ECF No. 30).   Plaintiff's responses to such discovery requests were due by May 19, 2024.[1]   However, as addressed in Defendants' current motion to dismiss, Plaintiff failed to file timely responses.   Thus, on June 21, 2024, Linville, by counsel, sent Plaintiff a letter, attempting to confer in good faith about receiving Plaintiff's discovery responses before July 5, 2024.   (ECF No. 42 at 1).

Then, on June 27, 2024, Plaintiff provided responses to only some of Linville's discovery requests.   (ECF No. 42 at 2).   Specifically, Plaintiff provided no responses at all to the following discovery requests: Interrogatory numbers 1, 3, 10, and 19 and Requests for Production of Documents numbers 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14. (*Id.*)   In particular, Defendants assert that Plaintiff failed to produce medical records evidencing all medical treatment he has received from 2014 to the present, other than a single x-ray report received after he was released from jail and he also failed to execute an attached Authorization to Release Medical Records.   (*Id.*)

Thus, on September 25, 2024, Linville, by counsel, sent a second good faith letter by certified mail requesting a more adequate response about Plaintiff's medical records by October 10, 2024 and provided a new copy of the authorization/release form.   (*Id.*) When Plaintiff again failed to provide any further responses and documentation, Linville

---

[1]  This deadline is based upon the Amended Certificate of Service filed by Defendants.   (ECF No. 30). However, Defendants' memorandum of law in support of the instant motion (ECF No. 42) and the undersigned's prior Order and Notice (ECF No. 40), which was based upon Defendants' representations, stated that the discovery requests were served on April 11, 2024, making the responses due on May 11, 2024. Using either date, however, Plaintiff did not provide timely responses to the discovery requests.

filed a Motion to Compel (ECF No. 36), which the undersigned granted on November 4, 2024. (ECF No. 40). Specifically, the undersigned's Order and Notice stated as follows:

> [P]ursuant to Rule 37(a)(3)(B)(iii) and (iv) of the Federal Rules of Civil Procedure, it is hereby **ORDERED** that Defendant Linville's Motion to Compel (ECF No. 36) is **GRANTED** and, by **December 8, 2024**, Plaintiff is hereby **ORDERED** to supplement his prior discovery responses with adequate responses to the discovery requests that were left unanswered (that is, Interrogatory numbers 1, 3, 10, and 19 and Requests for Production of Documents numbers 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14). Plaintiff is further **ORDERED** to provide all of his medical records in his possession from 2014 to the present, or to verify that he possesses no other documents responsive to Defendants' discovery requests, and to provide an executed medical authorization/release form enabling Defendants (through their counsel) to obtain all of his medical records from his medical providers dating back to 2014.

(ECF No. 40 at 4). Plaintiff again failed to timely provide any further discovery information. There is no indication that any mail addressed to Plaintiff was returned as undeliverable.

After Plaintiff failed to supplement his discovery responses as ordered, on December 26, 2024, Defendants filed the instant Motion to Dismiss Under Rule 37 of the Federal Rules of Civil Procedure (ECF No. 41) and Memorandum of Law in support thereof (ECF No. 42). Defendants' motion asserts that, because of Plaintiff's disregard of the Court's Order compelling him to participate in discovery, Defendants now seek the sanction of dismissal of this civil action under Rule 37(d)(1)(A)(ii) of the Federal Rules of Civil Procedure. (ECF No. 42 at 3). Defendants' memorandum further contends that they have been forced to reschedule Plaintiff's deposition, in part due to his failure to adequately respond to the written discovery requests and, to date, it appears that Plaintiff's deposition has not been completed. (*Id.* at 4).

On February 28, 2025, the undersigned issued an Order to Show Cause directing Plaintiff to respond in writing, by March 14, 2025, to show cause why this matter should not be dismissed under Rule 37(d), or in the alternative, under Rule 41(b) of the Federal Rules of Civil Procedure, for his failure to participate in good faith in the discovery process and his failure to comply with the undersigned's November 4, 2024 Order and Notice. (ECF No. 44 at 2).   Plaintiff was further notified that the failure to so respond will result in the recommended dismissal of this matter under those Rules of Civil Procedure.   (*Id.*)

On March 10, 2025, the Clerk's Office received and docketed 11 pages of documents received from Plaintiff consisting of:   (1) a copy of a Lincoln County criminal complaint charging Plaintiff with simple larceny of goods or chattels of the value of $1,000 or more, issued on August 5, 2022 and filed in the Lincoln County Circuit Court on August 24, 2022; (2) two pages of a diagnostic radiology report dated March 3, 2023; (3) multiple copies of two grievances Plaintiff filed at the Western Regional Jail on December 15, 2022 and January 1, 2023; and (4) what appears to be a page from his initial complaint filed in this civil action.   (ECF No. 45).   However, Plaintiff provided no written explanation of the documents produced or any written supplementation of the individual discovery responses as previously ordered by this Court.   Nor did Plaintiff's submission comply with the undersigned's Order to Show Cause directing him to state in writing why the Court should not dismiss his case as requested by Defendants.

On March 21, 2025, Defendants filed a reply asserting that Plaintiff's response "makes no attempts to explain to this Court his failures to participate in discovery and produces only minimal medical records relating to his claims."   (ECF No. 46 at 1).   Defendants further assert that Plaintiff's filing provides "[n]o context for said medical

records" and "it is not even apparent if these records relate to the injuries allegedly sustained by Plaintiff." (*Id.*)   Moreover, Defendants assert that Plaintiff has still "failed to respond to the Interrogatories and Requests for Production outlined in the Order granting these Defendants' Motion to Compel" and he has not presented enough information to "allow these Defendants to gather pertinent information relating to [his] claims for damages." (*Id.* at 2).   Thus, Defendants again assert that there is good cause to grant their Motion to Dismiss as a sanction for failing to participate in good faith in the discovery process. (*Id.*)

## II.    *APPLICABLE LEGAL AUTHORITY*

Rule 37(d)(1)(A)(ii) of the Federal Rules of Civil Procedure provides that the Court may sanction a party for the failure to respond to properly served discovery requests upon certification by the opposing party of a good faith effort to confer and resolve the issues with the offending party.   Such sanctions may include dismissal of the case in whole or in part.   Fed. R. Civ. P. 37(b)(2)(A)(v) and (d)(3).   The Fourth Circuit has outlined the following factors to be considered prior to an involuntary dismissal for failure to comply with a discovery order: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *See Anderson v. Foundation for Advancement, Educ. & Employ't of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998); *Mutual Fed. Sav. & Loan Assoc. v. Richards & Assoc.*, 872 F.2d 88, 92 (4th Cir. 1988).

Additionally, Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's

rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). In determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

## III. DISCUSSION

Plaintiff has repeatedly failed to participate in discovery and to prosecute this matter as ordered, thus prejudicing Defendants' ability to defend this action and, as noted by Defendants, "has imposed a greater than necessary burden on this process." (ECF No. 42 at 5). Defendants further assert:

> Here, the disobedient Plaintiff has failed to respond to discovery after a prior Court Order compelling him to do so. Parties simply cannot be permitted to continue in litigation after willfully thumbing their noses at orderly civil justice. Further, it is difficult to imagine any other sanction which could have a deterrent effect in this universe of pro se litigation. The Plaintiff appears to be indigent, and monetary fines which could be imposed would be almost entirely uncollectible, and he has already shown himself to be intransigent in the face of Court admonishment. The only real sanction which could impose a true, palpable consequence for this behavior is thus dismissal.

(*Id.*)

The undersigned agrees that Plaintiff has consistently acted in a dilatory manner throughout the discovery process, which has prejudiced the Defendants' ability to defend this matter and has caused undue delay in the prosecution thereof. Therefore, due to Plaintiff's dilatory conduct, for which he is solely responsible, the involuntary dismissal of this matter, with prejudice, pursuant to Rules 37(d) and 41(b), appears to be the appropriate action. *See, e.g., Nammack v. Hampstead Pre-Owned*, No. CV DKC 19-1798, 2021 WL 3288368, at *4 (D. Md. Aug. 2, 2021) (dismissing civil action under Rules 37 and 41, where a pattern of noncompliance, after explicit warnings of possible dismissal, demonstrated that a lesser sanction would be ineffective); *see also Holloway v. C.R. Bard, Inc.*, No. 8:20-cv-00825-PX, 2023 WL 7548080 (D. Md. Oct. 17, 2023) (same); *Davis v. Ames*, No. 2:21-cv-00106, 2023 WL 7204451 (S.D.W. Va. Sept. 26, 2023), *report and recommendation adopted*, 2023 WL 7195801 (S.D.W. Va. Nov. 1, 2023) (Goodwin, J.) (same); *Want v. Bulldog Fed. Credit Union*, No. 1:19-cv-92827-JMC, 2021 WL 3857952 (D. Md. Aug. 30, 30, 2021) ("pattern of indifference and disregard to authority of Court" justified involuntary dismissal). Plaintiff has repeatedly failed to comply with the undersigned's Orders compelling him to provide specific responses to discovery requests and to show cause for why he has failed to participate in the discovery process in good faith and he was sufficiently warned therein that dismissal would result from his failure to comply. (ECF No. 44 at 2.) His submission of questionably responsive documents without any explanation thereof fails to comply with the Court's orders and is insufficient to overcome Defendants' motion for sanctions.

## IV.    RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Defendants' Motion to Dismiss Under Rule 37 of the Federal Rules of Civil Procedure (ECF No. 41) and **DISMISS** this civil action with prejudice.

This "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Fed. R. Civ. P. 6(d) and 72(b), the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.   Extension of this period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.   *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be provided to the opposing parties and Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation, mail a copy of the same to Plaintiff, and transmit a copy to counsel of record.

March 27, 2025

Dwane L. Tinsley
United States Magistrate Judge

9